UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BASANT SIDHU; SANJESH SINGH,

NO. CIV. S-09-1090 LKK/DAD

      Plaintiffs,

   v.

SHERIFF'S DEPUTY S. GARCIA;
SHERIFF'S DEPUTY AUTRY;
SHERIFF'S DEPUTY COLLINS;
STACEY SINGH aka STACEY KAUR,;
SUNDAR BAINS,

      Defendants.

_____/

### STATUS (PRETRIAL SCHEDULING) CONFERENCE

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH
THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND
PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS
ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER
SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN
ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling)

1

1  Conference was held in the courtroom on June 29, 2009.  Herman

2  Franck appeared as counsel for plaintiffs; Kathleen Williams

3  appeared as counsel for defendants Garcia, Collins and Autry;

4  Stacey Singh appeared in pro per.  After hearing, the court makes

5  the following findings and orders:

6      **SERVICE OF PROCESS**

7      All parties defendant have been served and no further service

8  is permitted except with leave of court, good cause having been

9  shown.

10     **JOINDER OF PARTIES/AMENDMENTS**

11     No further joinder of parties or amendments to pleadings is

12  permitted except with leave of court, good cause having been shown.

13  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir.

14  1992).

15     **JURISDICTION/VENUE**

16     Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1337, 1343

17  is undisputed and is hereby found to be proper, as is venue.

18     **MOTION HEARING SCHEDULES**

19     All law and motion except as to discovery is left open, save

20  and except that it shall be conducted so as to be completed by

21  August 1, 2010.  The word "completed" in this context means that

22  all law and motion matters must be **heard** by the above date.

23  Because this date is not necessarily a date previously set aside

24  for law and motion hearings, it is incumbent upon counsel to

25  contact this court's courtroom deputy, Ana Rivas at (916) 930-4133,

26  sufficiently in advance so as to ascertain the dates upon which law

1   and motion will be heard and to properly notice its motion for
2   hearing before that date.  Counsel are cautioned to refer to Local
3   Rule 78-230 regarding the requirements for noticing such motions on
4   the court's regularly scheduled law and motion calendar.
5   **Opposition or statement of non-opposition to all motions shall be**
6   **filed not later than 4:30 p.m. fourteen (14) days preceding the**
7   **hearing date, or by proof of service by mail not less than**
8   **seventeen (17) days preceding the hearing date.**  This paragraph
9   does not preclude motions for continuances, temporary restraining
10  orders or other emergency applications, and is subject to any
11  special scheduling set forth in the "MISCELLANEOUS PROVISIONS"
12  paragraph below.

13      At the time of filing a motion, opposition, or reply, counsel
14  are directed to email a copy in word processing format to  lkk-
15  pleadings@caed.uscourts.gov.

16      The parties should keep in mind that the purpose of law and
17  motion is to narrow and refine the legal issues raised by the case,
18  and to dispose of by pretrial motion those issues that are
19  susceptible to resolution without trial.  To accomplish that
20  purpose, the parties need to identify and fully research the issues
21  presented by the case, and then examine those issues in light of
22  the evidence gleaned through discovery.  If it appears to counsel
23  after examining the legal issues and facts that an issue can be
24  resolved by pretrial motion, counsel are to file the appropriate
25  motion by the law and motion cutoff set forth supra.

26      **Unless prior permission has been granted, memoranda of law in**

1 **support of and in opposition to motions are limited to thirty (30)**

2 **pages, and reply memoranda are limited to fifteen (15) pages.  The**

3 **parties are also cautioned against filing multiple briefs to**

4 **circumvent this rule.**

5     Where the parties bring motions for summary judgment, the

6 court will deem facts which are apparently undisputed as undisputed

7 under Fed. R. Civ. P. 56(d), unless specifically reserved and that

8 party tenders evidence to support the reservation.

9     <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL

10 MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE

11 VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.   COUNSEL ARE CAUTIONED

12 THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT

13 BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND

14 MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,

15 SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO

16 TIMELY FILE AN APPROPRIATE MOTION.

17     Counsel are further reminded that motions in limine are

18 procedural devices designed to address the admissibility of

19 evidence.   COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH

20 DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS

21 IN LIMINE  AT THE TIME OF TRIAL.

22     **<u>DISCOVERY</u>**

23     No modifications of the discovery requirements found in the

24 Federal Rules is ordered except as follows:

25     Compliance with Rule 26 discovery shall be made not later than

26 July 13, 2009.

1    All discovery is left open, save and except that it shall be
2  so conducted as to be completed by June 1, 2010.  The word
3  "completed" means that all discovery shall have been conducted so
4  that all depositions have been taken and any disputes relative to
5  discovery  shall  have  been  resolved  by  appropriate  order  if
6  necessary and, where discovery has been ordered, the order has been
7  complied with.  Motions to compel discovery must be noticed on the
8  magistrate judge's calendar in accordance with the local rules of
9  this court and so that such motions will be heard not later than
10 May 1, 2010.   In this regard, all counsel are to designate in
11 writing and file with the court and serve upon all other parties a
12 final list of the names of all experts that they propose to tender
13 at trial not later than ninety (90) days before the close of
14 discovery herein established.   At the time of designation, all
15 experts shall submit a written report.  The contents of the report
16 must comply with Federal Rule of Civil Procedure 26 (A)(2)(b).  All
17 experts  so  designated  are  to  be  fully  prepared  to  render  an
18 informed opinion at the time of designation so that they may fully
19 participate in any deposition taken by the opposing party. Experts
20 will not be permitted to testify at the trial as to any information
21 gathered or evaluated, or opinion formed, after deposition taken
22 subsequent to designation.
23    An expert witness not appearing on said lists will not be
24 permitted  to  testify  unless  the  party  offering  the  witness
25 demonstrates:  (a) that the necessity of the witness could not have
26 been reasonably anticipated at the time the lists were exchanged;

1   (b) the court and opposing counsel were promptly notified upon

2   discovery of the witness; and (c) that the witness was promptly

3   proffered for deposition.

4          **MID-LITIGATION STATEMENTS**

5          Not later than fourteen (14) days prior to the close of

6   discovery, all parties shall file with the court and serve on all

7   other parties a brief statement summarizing all law and motion

8   practice heard by the court as of the date of the filing of the

9   statement, whether the court has disposed of the motion at the time

10  the statement is filed and served, and the likelihood that any

11  further motions will be noticed prior to the close of law and

12  motion. The filing of this statement shall not relieve the parties

13  or counsel of their obligation to timely notice all appropriate

14  motions as set forth above.

15         **FINAL PRETRIAL CONFERENCE**

16         The Final Pretrial Conference is **SET** for November 1, 2010, at

17  2:30 p.m. Counsel are cautioned that counsel appearing for

18  Pretrial will in fact try the matter.

19         Counsel for all parties are to be fully prepared for trial at

20  the time of the Pretrial Conference, with no matters remaining to

21  be accomplished except production of witnesses for oral testimony.

22  Counsel are referred to Local Rules 40-280 and 16-281 relating to

23  the contents of and time for filing Pretrial Statements. In

24  addition to those subjects listed in Local Rule 16-281(b), the

25  parties are to provide the court with a plain, concise statement

26  which identifies every non-discovery motion tendered to the court,

1 and its resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 40-280
2 AND 16-281 WILL BE GROUNDS FOR SANCTIONS.

3     The parties shall file Separate Pretrial Statements, the
4 contents and timing of which are set forth in Local Rule 16-281,
5 except that the parties are to prepare a <u>JOINT STATEMENT</u> with
6 respect to the undisputed facts and disputed factual issues of the
7 case.  <u>See</u> Local Rule 16-281(b)(3), (4), and (6).  The parties are
8 reminded to include in their joint statement all disputed and
9 undisputed special factual information as required by Local Rule
10 16-281(b)(6).

11     The undisputed facts and disputed factual issues are to be set
12 forth in two separate sections.  In each section, the parties
13 should identify first the general facts relevant to all causes of
14 action.  After identifying the general facts, the parties should
15 then identify those facts which are relevant to each separate cause
16 of action.  In this regard, the parties are to number each
17 individual fact or factual issue.  Where the parties are unable to
18 agree as to what factual issues are properly before the court for
19 trial, they should nevertheless list in the section on "DISPUTED
20 FACTUAL ISSUES" all issues asserted by any of the parties and
21 explain by parenthetical the controversy concerning each issue.
22 Each individual disputed fact or factual issue shall include the
23 following introductory language:  "Whether or not . . . ."  The
24 parties should keep in mind that, in general, each fact should
25 relate or correspond to an element of the relevant cause of action.
26 Notwithstanding the provisions of Local Rule 16-281, the Joint

Statement of Undisputed Facts and Disputed Factual Issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.  If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 16-281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed **numerically**; defendant's exhibits shall be listed **alphabetically**.  In the event that the alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z, 3A-3Z, etc."  The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

Pursuant to Local Rule 16-281(b)(12), a party is required to provide a list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial. This list should include only those documents or portions thereof which the party expects to offer in its case-in-chief.  Unless otherwise barred by a rule of evidence or order of this court, the parties remain free to tender appropriate discovery documents

1  during trial for such purposes as, but not limited to, impeachment

2  or memory refreshment.

3      Pursuant to Local Rule 16-281(b)(8), the parties' Pretrial

4  Statements shall contain a "statement of legal theory, etc."  Each

5  party shall commence this section by specifying as to each claim

6  whether federal or state law governs, and if state law, the state

7  whose law is applicable.

8      Counsel are also reminded that, pursuant to Fed. R. Civ. P.

9  16, it will be their duty at the Pretrial Conference to aid the

10  court in (a) formulation and simplification of issues and the

11  elimination of frivolous claims or defenses; (b) settling of facts

12  which should be properly admitted; and (c) the avoidance of

13  unnecessary proof and cumulative evidence.  Counsel must prepare

14  their Pretrial Statements, and participate in good faith at the

15  Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO

16  MAY RESULT IN THE IMPOSITION of SANCTIONS which may include

17  monetary sanctions, orders precluding proof, eliminations of claims

18  or defenses, or such other sanctions as the court deems

19  appropriate.

20      **TRIAL SETTING**

21      Trial is **SET** for February 8, 2011, at 10:30 a.m.  Trial will

22  be by jury.  The parties represent in good faith that the trial

23  will take approximately five (5) days.

24      **SETTLEMENT CONFERENCE**

25      A Settlement Conference will be set before a judge other than

26  the trial judge at the time of the Pretrial Conference.

1   Counsel are cautioned to have a principal capable of
2   disposition present at the Settlement Conference or to be fully
3   authorized to settle the matter on any terms and at the Settlement
4   Conference.

5   **MISCELLANEOUS PROVISIONS**

6   Pursuant to the request of the parties, this matter is
7   referred to the court's Voluntary Dispute Resolution Program
8   (VDRP).

9   The parties are reminded that pursuant to Fed. R. Civ. P.
10  16(b), the Status (pretrial scheduling) Order **shall not be modified**
11  **except by leave of court upon a showing of good cause.** Counsel are
12  cautioned that changes to any of the scheduled dates will
13  necessarily result in changes to all other dates.  Thus, even where
14  good cause has been shown, the court will not grant a request to
15  change the discovery cutoff date without modifying the pretrial and
16  trial dates.

17  **Agreement by the parties pursuant to stipulation does not**
18  **constitute good cause.  Nor does the unavailability of witnesses or**
19  **counsel, except in extraordinary circumstances, constitute good**
20  **cause.**

21  The parties are reminded of their continuing obligation to
22  supplement their statements relative to the identification of
23  parent corporations and any publicly held company that owns 10% or
24  more of the party's stock within a reasonable time of any change in
25  the information.

26  The parties are admonished that they are not to cite or refer

1  to any of the quotations inscribed in the pavers on the front plaza

2  of the United States Courthouse in any written or oral presentation

3  to the court or a jury.

4        There appear to be no other matters presently pending before

5  the court that will aid the just and expeditious disposition of

6  this matter.

7        IT IS SO ORDERED.

8        DATED:  June 30, 2009.

9

10

11                          _____
                            LAWRENCE K. KARLTON
12                          SENIOR JUDGE
                            UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26