UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BASANT SIDHU, SANJESH SINGH,

        Plaintiffs,

    v.

SHERIFF'S DEPUTY S. GARCIA,
SHERIFF'S DEPUTY AUTRY,
SHERIFF'S DEPUTY COLLINS,
STACEY SINGH, aka STACEY KAUR,
SUNDAR BAINS,

        Defendants.

/

NO. CIV. S-09-1090 LKK/DAD

O R D E R

This case concerns a search conducted at plaintiffs' residence. After the completion of discovery, plaintiffs now seek to amend their complaint to contain allegations they claim were first learned in discovery. Defendant Sheriff Deputies Garcia, Collins, and Autry oppose this motion. Defendants Sundar Bains and Stacey Singh have not filed oppositions or statements of non-opposition, as required by E.D. Cal. Local Rules, to the motion. For the reasons described below, plaintiffs' motion is denied.

////

1

## I. BACKGROUND

On April 21, 2009, plaintiffs Sanjesh Singh ("Mr. Singh") and Mr. Singh's mother, Basant Sidhu ("Sidhu"), filed a complaint against three sheriff deputies, Garcia, Autry, and Collins ("sheriff deputy defendants"), Mr. Singh's former wife, Stacey Singh ("Ms. Singh"), and Ms. Singh's uncle, Sundar Bains ("Bains"). Plaintiffs alleged that the sheriff deputy defendants conducted an illegal search of their residence. Compl. ¶ 13. Plaintiffs brought claims arising out of this illegal search against the sheriff deputy defendants under 42 U.S.C. Section 1983 and under state law. Further, plaintiffs alleged that Ms. Singh and Bains falsely reported to the sheriff's department that Mr. Singh had illegal drugs and was growing marijuana at plaintiffs' residence. Id. at ¶ 42. Accordingly, plaintiffs brought a claim against Ms. Singh and Bains for "aiding and abetting" the allegedly illegal search conducted by the sheriff deputy defendants.

On June 30, 2009, the court issued a status (pretrial scheduling) order in this case. The order stated that, "No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992)." Status (Pretrial Scheduling) Order, Dkt. No. 22, at 2. Discovery closed on June 1, 2010. Id. at 5.

On May 20, 2010, plaintiffs filed a motion for leave to file a first amended complaint ("FAC"). Plaintiffs seek to add

the following allegations to their 42 U.S.C. Section 1983 claim against the sheriff deputy defendants:

> during [sic] the course of the search and seizure of the home, the defendant Deputy Sheriffs also wrongfully seized and removed Stacey Singh a.k.a. Stacey Kaur from the home, and wrongfully convinced her to file a false restraining order proceeding, and convinced her to file divorce papers against Sanjesh Singh, in violation of plaintiffs' respective rights as mother-in-law and husband to a familial relationship. The familial relationship right arises under the substantive due process clause of the 5th and 14th amendments of the U.S. Constitution.

Proposed First Amended Complaint ("PFAC") ¶ 13, Exhibit A to Decl. of Herman Frank in Support of Motion for Leave to File First Amended Complaint and Order to Modify the Scheduling Order, Dkt. No 42.

## II. STANDARD ON A MOTION TO AMEND PURSUANT TO FED. R. CIV. P. 15(a)

The Federal Rules provide that leave to amend pleadings "shall be freely given when justice so requires Fed. R. Civ. P. 15(a).[1] As the Ninth Circuit has explained, however, "demonstrating that justice requires amendment becomes progressively more difficult . . . as litigation proceeds toward trial." Byrd v. Guess, 137 F.3d 1126, 1131 (9th Cir.), cert. denied, U.S. _, 119 S.Ct. 405 (1998), abrogated, on other grounds, Moreland v. Las Vegas Metropolitan Police Dept., 159 F.3d 365 (9th Cir. 1998). Thus, subsequent to a scheduling order

---

[1] The entire text of the rule reads:

"a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires

3

prohibiting further amendment, the moving party must demonstrate "good cause." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (9th Cir. 1992). Once a final pretrial order has been entered, "modifications are allowed 'only to prevent manifest injustice.'" <u>Byrd</u>, 137 F.2d at 1331-32 (citing Fed. R. Civ. P. 16(e)).

Although the standard becomes progressively more stringent as the litigation proceeds, the Circuit has explained that the same four factors are pertinent to resolution of a motion to amend: (1) the degree of prejudice or surprise to the non-moving party if the order is modified; (2) the ability of the non-moving party to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification. <u>See</u> <u>Byrd</u>, 137 F.3d at 1132 (citing <u>United States v. First Nat'l Bank of Circle</u>, 652 F.2d 882, 887 (9th Cir. 1981)). The burden is on the moving party to show that consideration of these factors warrants amendment. <u>See id.</u>

Prejudice to the opposing party is the most important factor to consider in determining whether a party should be granted leave to amend. <u>See</u> <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387 (9th Cir. 1990)(citing <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 320, 330-31 (1971)). Prejudice may be found where additional discovery would be required because the new claims are based on different legal

4

1 theories. See Jackson, 902 F.2d at 1387-88 (citing Priddy v.
2 Edelman, 883 F.2d 438, 447 (6th Cir. 1989)).

3     While delay alone is insufficient to deny amendment, undue
4 delay is a factor to be considered. See Morongo Band of Mission
5 Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming
6 district court's denial of motion for leave to amend to add new
7 claims made two years into litigation). Pertinent to
8 consideration of this factor is whether the moving party knew or
9 should have known the facts and theories raised by the amendment
10 in the original pleading. See Jackson, 902 F.2d at 1388 (citing
11 E.E.O.C. v. Boeing Co., 843 F.2d 1213, 1222 (9th Cir.), cert.
12 denied, 488 U.S. 889 (1988)).

13     Amendment may also be denied when it is futile. See Kiser
14 v. General Electric Corp., 831 F.2d 423, 428 (3d Cir. 1987),
15 cert. denied, 485 U.S. 906 (1988). The test for futility "is
16 identical to the one used when considering the sufficiency of a
17 pleading challenged under Rule 12(b)(6)." Miller v. Rykoff-
18 Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citing Baker v.
19 Pacific Far East Lines, Inc., 451 F. Supp. 84, 89 (N.D. Cal.
20 1978)). Accordingly, "a proposed amendment is futile only if no
21 set of facts can be proved under the amendment to the pleading
22 that would constitute a valid and sufficient claim or defense."
23 Id.

24     **III. ANALYSIS**

25     In essence, plaintiffs are attempting to add three separate
26 theories of liability against the sheriff deputy defendants

5

1  under Section 1983: (1) that the seizure of defendant Ms. Singh
2  from plaintiffs' home violated plaintiffs' rights to a familial
3  relationship; (2) that the sheriff deputy defendants wrongfully
4  convinced defendant Ms. Singh to file a restraining order
5  against plaintiff Mr. Singh in violation of his right to a
6  familial relationship; and (3) that the sheriff deputy
7  defendants convinced defendant Ms. Singh to file divorce papers
8  against Mr. Singh in violation of his right to a familial
9  relationship. Plaintiffs argue that they should be permitted to
10 add these theories of liability because they were only
11 discovered during the course of the depositions of the sheriff
12 deputy defendants. Specifically, plaintiffs state,

> "[I]t was only during the depositions [of the sheriff deputy defendants] that plaintiffs learned that they had to convince Stacey Singh to leave the residence, and that it took a good amount of time for them to talk her into leaving the residence. . . . [Thus, plaintiffs argue], Stacey Singh did not leave with the deputies immediately of her own free will. . . . Also raised in the depositions was the notion that the defendants had no interest in attempting to reunify the family after the [search at issue in this case], and instead sought to keep the [sic] Stacey Singh separated from plaintiffs, in violation of their right to familial relationships."

Reply Brief In Support of Motion for Leave to Amend ("Reply") 3.

In support of this right, plaintiffs cite to Overton v. Bazzetta, 539 U.S. 126 (2004) and Moore v. East Cleveland, 413 U.S. 494 (1977). Overton merely mentions that outside of the prison context there is a "right to maintain certain familial relationships, including association among members of an immediate family and association between grandchildren and

6

grandparents." Overton, 539 U.S. at 130. The Court declined to further elaborate on this principle in Overton. In Moore, however, the Court explained in great detail the nature of the right to maintain certain familial relationships. At issue in Moore was an ordinance that prohibited certain categories of relatives from living together. Moore, 413 U.S. at 498-99. The Court found "such an intrusive regulation of the family" to violate substantive due process. Id. at 499. It reasoned that, "**Freedom of personal choice** in matters of marriage and family life is one of the liberties protected by the Due Process Clause of the Fourteenth Amendment." Id. (emphasis added). Thus, the Court held that, "[T]he **choice** of relatives in this degree of kinship [grandparent and grandchild] to live together may not lightly be denied by the State." Id. at 505-06 (emphasis added); see also Dolan v. City of Tigard, 512 U.S. 374, 391 n.8 (1994) ("The ordinance at issue in Moore intruded on choices concerning family living arrangements . . . ."). The essence of this right is that the state may not, absent a compelling and narrowly tailored government interest, restrict or impose upon the choice of individuals as to their familial relationships. This right respects the choice of all individuals to enter and determine the scope of their own familial relationships.

    Moore is clearly distinguishable from the case at bar. Here, plaintiffs are attempting to add claims that their right to a familial relationship with a defendant was violated by the sheriff deputy defendants. This right, however, only exists when

7

1  all adult relatives choose to have a relationship with one
2  another. The state does not infringe upon this right by
3  attempting to persuade an individual not to reside with
4  relatives. As evidenced by the fact that Ms. Singh is a
5  defendant in this action and not a co-plaintiff, it is clear
6  that Ms. Singh has not chosen to have a familial relationship
7  with Mr. Singh and Sidhu. Being convinced to cease a familial
8  relationship is a far cry from being forced to cease a familial
9  relationship. Plaintiffs seek to bring claims on the basis that
10 defendant Ms. Singh was persuaded to choose to leave their home
11 with the sheriff deputy defendants, persuaded to choose to apply
12 for a restraining order against Mr. Singh, and persuaded to
13 choose to apply for a divorce from Mr. Singh. These constitute
14 choices as to the nature and scope of her familial relationships
15 with plaintiffs regardless of whether plaintiffs wish that she
16 would have chosen differently. Plaintiffs have not alleged any
17 facts that would support a claim that defendant Ms. Singh was
18 forced or deceived by the sheriff deputy defendants into taking
19 these actions. Accordingly, the proposed additional allegations
20 to plaintiffs' complaint fail to state a claim upon which relief
21 might be granted. Thus, plaintiffs' proposed amendment is
22 futile, and their motion for leave to file an amended complaint
23 is denied.

### IV. CONCLUSION

25     For the foregoing reasons, the court orders that
26 plaintiffs' motion for leave to file an amended complaint, Dkt.

1  No. 39, is DENIED.
2       IT IS SO ORDERED.
3       DATED: July 1, 2010.

```
                              /s/ Lawrence K. Karlton
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```