UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BASANT SIDHU, SANJESH
SINGH,

                                    NO. CIV. S-09-1090 LKK/DAD
        Plaintiffs,

    v.
                                    O R D E R
SHERIFF'S DEPUTY S. GARCIA,
SHERIFF'S DEPUTY AUTRY,
SHERIFF'S DEPUTY COLLINS,
STACEY SINGH, aka STACEY KAUR,
SUNDAR BAINS,

        Defendants.
_____/

## I. BACKGROUND

On April 21, 2009, plaintiffs Sanjesh Singh ("Mr. Singh")

and Mr. Singh's mother, Basant Sidhu ("Sidhu"), filed a

complaint against three sheriff deputies, Garcia, Autry, and

Collins ("sheriff deputy defendants"), Mr. Singh's former wife,

Stacey Singh ("Ms. Singh"), and Ms. Singh's uncle, Sundar Bains

("Bains"). Plaintiffs alleged that the sheriff deputy defendants

conducted an illegal search of their residence. Compl. ¶ 13.

Plaintiffs brought claims arising out of this illegal search

1

1  against the sheriff deputy defendants under 42 U.S.C. Section

2  1983 and under state law.[1]

3      On June 30, 2009, the court issued a status (pretrial

4  scheduling) order in this case. The order stated that, "No

5  further joinder of parties or amendments to pleadings is

6  permitted except with leave of court, good cause having been

7  shown. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604

8  (9th Cir. 1992)." Status (Pretrial Scheduling) Order, Dkt. No.

9  22, at 2. Discovery closed on June 1, 2010. Id. at 5.

10     On May 20, 2010, plaintiffs filed a motion for leave to

11 file a first amended complaint. Dkt. No. 39. Plaintiffs sought

12 to add three theories of liability against the sheriff deputy

13 defendants under Section 1983. The court determined that

14 plaintiffs' proposed amendment was futile, and their motion was

15 denied.

16     On June 9, 2010, plaintiffs filed a motion for summary

17 judgement. Pl.'s MSJ, Dkt. No. 44. The motion argued that, *inter

18 alia*, based on the sheriff deputy defendants' testimony that

19 "there was no valid emergency/exigent circumstances allowing for

20 the entry and search of plaintiffs' residence." Id. at 3. The

21 motion further states that because defendants' answer "does not

22 assert an affirmative defense of exigent circumstances as a

23 valid and applicable exception to the warrant requirement" the

24

---

25     [1] Plaintiffs also alleged that Ms. Singh and Mr. Bains made
a false report to the sheriff's department and brought a claim
against both for "aiding and abetting" the allegedly illegal search
26 conducted by the sheriff deputy defendants.

2

1  issue is waived. Id.

2      On June 14, 2010, the sheriff deputy defendants filed a

3  motion to modify the scheduling order for leave to amend their

4  answer.[2] Def.'s Mot. to Amend, Dkt. No. 54. The motion states

5  that these defendants' "never intended to raise the defense of

6  exigent circumstances . . . and no warrant was required based on

7  the emergency doctrine." Id. at 1-2. Rather, these defendants

8  argue that they have always maintained that the emergency

9  exception to the warrant requirement applies to the search at

10  issue in this case. Id. at 2. Accordingly, they seek to amend

11  their answer to contain the defense of the emergency exception

12  to the warrant requirement. These defendants also have presented

13  evidence that plaintiffs have been aware of this defense as late

14  as November 18, 2009.

**II. STANDARD ON A MOTION TO AMEND**
**PURSUANT TO FED. R. CIV. P. 15(a)**

17      The Federal Rules provide that leave to amend pleadings

18  "shall be freely given when justice so requires Fed. R. Civ. P.

19  15(a). As the Ninth Circuit has explained, however,

20  "demonstrating that justice requires amendment becomes

21  progressively more difficult . . . as litigation proceeds toward

22  trial." Byrd v. Guess, 137 F.3d 1126, 1131 (9th Cir.), cert.

---

24      [2] Because the motion for leave to amend the answer is brought
only by the sheriff deputy defendants, the Singh and Bains answer
25  is not discussed. Thus, all references are to the sheriff deputy
defendants documents.
26

1  denied, U.S.__, 119 S.Ct. 405 (1998), abrogated, on other

2  grounds, Moreland v. Las Vegas Metropolitan Police Dept., 159

3  F.3d 365 (9th Cir. 1998). Thus, subsequent to a scheduling order

4  prohibiting further amendment, the moving party must demonstrate

5  "good cause." Johnson v. Mammoth Recreations, Inc., 975 F.2d

6  604, 608 (9th Cir. 1992). Once a final pretrial order has been

7  entered, "modifications are allowed 'only to prevent manifest

8  injustice.'" Byrd, 137 F.2d at 1331-32 (citing Fed. R. Civ. P.

9  16(e)).

10      Although the standard becomes progressively more stringent

11  as the litigation proceeds, the Circuit has explained that the

12  same four factors are pertinent to resolution of a motion to

13  amend: (1) the degree of prejudice or surprise to the non-moving

14  party if the order is modified; (2) the ability of the non-

15  moving party to cure any prejudice; (3) the impact of the

16  modification on the orderly and efficient conduct of the case;

17  and (4) any degree of willfulness or bad faith on the part of

18  the party seeking the modification. See Byrd, 137 F.3d at 1132

19  (citing United States v. First Nat'l Bank of Circle, 652 F.2d

20  882, 887 (9th Cir. 1981)). The burden is on the moving party to

21  show that consideration of these factors warrants amendment. See

22  id.

23      Prejudice to the opposing party is the most important

24  factor to consider in determining whether a party should be

25  granted leave to amend. See Jackson v. Bank of Hawaii, 902 F.2d

26  1385, 1387 (9th Cir. 1990)(citing Zenith Radio Corp. v.

4

1  Hazeltine Research, Inc., 401 U.S. 320, 330-31 (1971)).

2  Prejudice may be found where additional discovery would be

3  required because the new claims are based on different legal

4  theories. See Jackson, 902 F.2d at 1387-88 (citing Priddy v.

5  Edelman, 883 F.2d 438, 447 (6th Cir. 1989)).

6      While delay alone is insufficient to deny amendment, undue

7  delay is a factor to be considered. See Morongo Band of Mission

8  Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming

9  district court's denial of motion for leave to amend to add new

10  claims made two years into litigation). Pertinent to

11  consideration of this factor is whether the moving party knew or

12  should have known the facts and theories raised by the amendment

13  in the original pleading. See Jackson, 902 F.2d at 1388 (citing

14  E.E.O.C. v. Boeing Co., 843 F.2d 1213, 1222 (9th Cir.), cert.

15  denied, 488 U.S. 889 (1988)).

16                          **III.  ANALYSIS**

17      The main focus of this case is whether the sheriff deputy

18  defendants properly entered plaintiffs' house. Defendants'

19  answer states they "deny that they did not have a proper

20  exception to the warrant requirement and further deny they

21  violated the plaintiffs' Fourth Amendment rights." Answer, Dkt.

22  No. 11 at 2. Moreover, the fifth affirmative defense alleges

23  that defendants' "acted in good faith and did not directly or

24  indirectly perform any acts whatsoever which would constitute a

25  violation of any rights possessed by plaintiffs." Id. at 7.

26      While the words "emergency doctrine" are not specifically

1 provided in defendants' answer, it is clear that they have

2 asserted their contention that there was a proper exception to

3 the warrant requirement. Combining this statement with the fifth

4 affirmative defense, one can reasonably conclude that the acts

5 of good faith referred to a proper exception to the warrant

6 requirement, such as the emergency doctrine.

7       In addition to the language of the answer, there is

8 sufficient evidence that plaintiffs had notice that defendants

9 were invoking the emergency doctrine exception to the warrant

10 requirement. Each of the defendants testified as to their belief

11 of an emergency exception to the search warrant requirement.

12 While there appeared to be some effort to conflate the exigent

13 circumstances and emergency doctrine by plaintiff's counsel

14 during the depositions, defendants repeatedly stated they

15 thought it was the emergency doctrine which justified their

16 entry into plaintiff's house. For example, Autry testified, "I

17 do not believe that this [situation] falls under an exigent

18 circumstances [sic]. I feel this was an emergency situation that

19 arose after we got on the scene." Decl. of Kathleen Williams in

20 Supp. of Mot. to Amend, Ex. B (Autry Dep.).

21       In considering the four factors for a motion to amend, the

22 degree of prejudice is the court's main concern. In this case,

23 there is no prejudice to the non-moving party because plaintiffs

24 had ample notice of defendants' belief that their actions were

25 justified based on the emergency doctrine. This information can

26 be inferred from the answer and was directly stated in all

1  sheriff deputy defendants' testimony. Because plaintiffs had

2  notice of this alleged justification, there is no burden on them

3  in terms of conducting supplemental discovery.

4       The court finds that amendment of the sheriff deputy

5  defendants' complaint is not necessary to assert a defense of

6  the emergency exception to the warrant requirement. This is

7  especially so given the advance notice plaintiffs have had of

8  the defense. According, the sheriff deputy defendants' motion is

9  denied. Nonetheless, these defendants may bring a defense of the

10  application of the emergency exception to the warrant

11  requirement.

**IV. CONCLUSION**

13       For the foregoing reasons, the court orders that the

14  sheriff deputy defendant's motion to modify the scheduling order

15  to amend their answer, Dkt. No. 54, is DENIED, because an

16  amendment is not required for defendants' to argue that the

17  emergency exception to the warrant requirement applies.

18       IT IS SO ORDERED.

19       DATED:  July 6, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT